NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ERIC L. PASTRANO, *Appellant.*

No. 1 CA-CR 24-0588

FILED 06-30-2026

Appeal from the Superior Court in Maricopa County
No. CR2023-120540-001
The Honorable Aryeh D. Schwartz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Michael J. Dew, Phoenix
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

**T H U M M A**, Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Eric Pastrano has advised the court that, after searching the entire record, he has found no arguable question of law and asks that the court conduct an *Anders* review. Pastrano was given the opportunity to file a supplemental brief but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Pastrano's convictions and resulting sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2** This court views the facts in the light most favorable to sustaining the convictions and resolves all reasonable inferences against Pastrano. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). Pastrano and the victim, P.C., were married for 12 years, but primarily lived apart.[1] In April 2023, Pastrano began sending threatening texts and voicemails to P.C. He then arrived at P.C.'s residence in Laveen, Arizona, yelling and banging on her front and back doors, scaring P.C., but then left.

**¶3** In May 2023, Pastrano broke into P.C.'s residence. Pastrano wore body armor and had a gun. Pastrano yelled at P.C., shot at her, hit her on the head with his gun, knocked her unconscious, and strangled her. P.C. suffered various injuries. P.C. told Phoenix police officers that Pastrano broke into her home, shot at her, pistol-whipped her, and choked her.

**¶4** Police arrested Pastrano and seized his body armor and gun, which did not have a serial number. Pastrano admitted he owned the items.

**¶5** The State charged Pastrano with first degree burglary, a Class 2 felony (count 1); two counts of aggravated assault, Class 3 felonies (counts 2 and 3); possession of a weapon as a prohibited possessor, a Class 4 felony (count 4); misconduct involving body armor, a Class 4 felony (count 5); possession and use of a dangerous drug, a Class 4 felony (count 6); possession of a defaced weapon, a Class 6 felony (count 7); criminal damage, a Class 1 misdemeanor (count 8); threatening or intimidating, a Class 1 misdemeanor (count 9); and first degree criminal trespass, a Class 1 misdemeanor (count 10). The court later severed Counts 4 and 6 and

---

[1] Initials are used to protect the victim's privacy. *State v. Maldonado*, 206 Ariz. 339, 341 n.1 ¶ 2 (App. 2003).

Pastrano pled guilty to Count 4 as amended and the State dismissed Count 6.

¶6        The State alleged that the burglary and aggravated assault charges were dangerous offenses. *See* A.R.S. § 13-105(13). Other than the criminal trespass charge, the State alleged that all the misdemeanor charges were domestic violence offenses. *See* A.R.S. § 13-3601(A). The State also alleged that the defendant was eligible for life in prison. *See* A.R.S. § 13-706(B).

¶7        After various pretrial proceedings, in August 2024, the court held an eight-day trial with a 12-member jury. Pastrano elected to testify in his own defense, as is his right. During his testimony, Pastrano admitted that he had been convicted of three prior felony offenses. The jury found Pastrano guilty as charged and later found aggravating circumstances.

¶8        At sentencing, the parties stipulated to the admission of evidence of Pastrano's prior felony convictions. The superior court considered the information and arguments presented, including Pastrano's criminal history. The court then sentenced Pastrano as a Category 3 non-dangerous, repetitive offender to concurrent prison terms of three life sentences for Counts 1, 2 and 3; an aggravated prison term of 15 years for Counts 4 and 5 and an aggravated prison term of 5.75 years for Count 7, to be served concurrently. For the misdemeanor convictions (Counts 8, 9, and 10), the court imposed 1 day in custody, with credit for time served.

¶9        This court has jurisdiction over Pastrano's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1), 13-4031 and 13-4033(A) (2026).[2]

## DISCUSSION

¶10        The record shows that Pastrano was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The record contains substantial evidence supporting the verdict. The sentences imposed were within statutory limits. In all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

## CONCLUSION

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶11** This court has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Pastrano's convictions and resulting sentences are affirmed.

**¶12** Upon the filing of this decision, Pastrano's counsel is directed to inform him of the status of the appeal and his future options. Defense counsel has no further obligations unless, upon review, counsel finds a legal issue appropriate to submit to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Pastrano shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR